**Danny Rivas ALVAREZ, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 48181.**

Court of Criminal Appeals of Texas.

April 3, 1974.

Rehearing Denied May 1, 1974.

Gerald L. Skor, Kerry P. Fitzgerald, Dallas, for appellant.

Henry Wade, Dist. Atty., Maridell Templeton, Asst. Dist. Atty., Dallas, Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

DOUGLAS, Judge.

This is an appeal from a conviction for the offense of possession of methamphetamine, a dangerous drug. The jury assessed punishment at two years.

Debbie Wylie, a girl thirteen years of age, testified that on the evening of April 20, 1972, she and her brother went to the K-Mart Store on Walnut Street to look at some records. She further testified that while looking through the records, the appellant motioned to her to come over to him. After ignoring him, the appellant finally grabbed her arm and asked her if she wanted to buy some "speed." She refused and went back over to her brother and said they should leave. She stated that the appellant showed her some yellow pills in a clear container with a white top.

Officer William T. Rogers of the Garland Police Department testified that in response to a call he proceeded to the K-Mart Store. Upon his arrival there he talked first with the security guard and then apprehended the appellant as he was leaving the store. After he had placed the appellant in the car, the security guard alerted him that the appellant was acting suspiciously and "scooting down in the seat." Officer Rogers testified that he did not search the appellant before placing him in the car because of the crowd and because his back-up officer had not arrived. After Officer Howler arrived and some seventy-five to a hundred feet away from the store Officer Rogers had the appellant get out of the car and searched him. Finding nothing on his person and because of the appellant's suspicious actions in front of the store, he had Officer Howler move the appellant while he searched the patrol car. Underneath the back seat he found a bottle of yellow pills. The officer testified that the patrol car had been checked by him before going on duty as it was a department policy that the on-coming officer check the patrol car thoroughly before going on duty.

■ Initially the appellant contends that the evidence is insufficient to prove that the tablets in questiion and submitted to the Criminal Investigation Laboratory by Officers Avery and Pinkston contained methamphetamine as alleged. Specifically he argues that the trial court erred in permitting E. H. Foerster, Assistant Toxicologist at the laboratory, to testify from the laboratory report concerning the analysis run on the pills in question.

Foerster testified that his superior, Dr. Morton F. Mason, was out of the country in Lebanon on a sabbatical leave. During Dr. Mason's absence, Foerster was the acting head of the laboratory. He testified that the records of the laboratory of which he had care, custody and management reflected that on the day in question he received from Officers Avery and Pinkston a bottle bearing appellant's name which contained 48 yellow tablets. Foerster further testified that one of the tablets was selected at random and turned over to Daisey Lee, a technician in the laboratory.

In Thomas v. State, 493 S.W.2d 832, this Court was faced with a similar contention to the one the appellant now urges. There the chemist, Louis Anderson, could not specifically recall receiving the evidence in question and, therefor, Thomas alleged that the chain of custody was not established. Anderson testified at the trial from the laboratory report on the analysis which had been run by Dr. Mason. He also testified that the report was the type made in the normal course of business and that he (Anderson) had the care, control, management, and supervision of those business records.

In the present case, Foerster could not recall whether or not he was present when

Daisey Lee had run this particular analysis, but he, as did Anderson, testified that this report was the type kept in the normal course of business and in Dr. Mason's absence he had care, custody and control of those records.

We noted in Thomas that the admissibility of ordinary diagnostic findings customarily based on objective data and not usually presenting more than average difficulty of interpretation is generally conceded.

Citing Trujillo v. State, 166 Tex.Cr.R. 405, 313 S.W.2d 871, we wrote in Thomas that Article 3737e, Vernon's Ann.Civ.St., by its terms authorizes proof by the testimony of the entrant, custodian or other qualified witness, " 'even though he may not have personal knowledge as to the various items or contents of such memorandum or record,' " and that " 'such lack of personal knowledge may be shown to affect the weight and credibility of the memorandum or record but shall not affect its admissibility.' " We held that the laboratory report was admissible under Article 3737e, supra.

■ In the instant case, the report was not introduced. Appellant complains that the report itself was the best evidence and as such should have been introduced.

Foerster testified from the report. Appellant's counsel cross-examined Foerster from the report.

In Cozby v. State, Tex.Cr.App., 589 S.W. 2d 506 (1974), two witnesses testified from reports of which they were the custodians. Cozby's counsel objected, stating that the best evidence rule required the introduction of the records. Counsel in that case did not, as counsel did in the present case, inspect the records.

In upholding the trial court's ruling, we stated that the rule requiring production was complied with because the business records were produced and accounted for; they were available if Cozby's counsel had requested to inspect them. Questions as to

their accuracy could have been resolved by counsel's inspection.

In the instant case, counsel not only examined the records but used them for a portion of his cross-examination of the witness. If the accuracy of said records were in doubt, then counsel could have raised the question. Appellant's contention is overruled.

■ Next, the appellant contends that the trial court erred in failing to submit his requested charge on the law of circumstantial evidence.

The appellant was positively identified by Debbie Wylie as the person who attempted to sell her some "speed." Appellant was the only person who could have placed the pills under the back seat. Officer Rogers testified that the patrol car had been checked before coming on duty and that he was the only one in the car since that check; he had made no previous arrests that day. Debbie Wylie also testified that the bottle of pills which was later found in the patrol car looked like those appellant had in his possession when he inquired if she wanted to buy some "speed." This was a declaration against a penal interest and an admission that he had possession of the drug. No necessity existed for a charge on circumstantial evidence. See Harris v. State, Tex.Cr.App., 486 S.W.2d 88, and McElwee v. State, Tex.Cr.App., 493 S.W.2d 876. This ground of error is overruled.

■ The appellant also complains of improper jury argument by the prosecutor. He argues that he was caused irreparable harm when the prosecutor stated in reference to Daisey Lee, the laboratory technician: "I submit to you that she's down there, * * * analyzing other drugs that other dope pushers have been caught with." Specifically, he contends that it was improper for the prosecutor to refer to his client as a "dope pusher."

The record reflects that counsel's objection was sustained but there was no re-

quest for an instruction. His request for a mistrial was overruled. Further, the reference to the appellant as a dope pusher is supported by the evidence. It was shown that he attempted to sell "speed" to the thirteen-year-old girl. The allusion that appellant was a "dope pusher" was not improper. Cazares v. State, Tex.Cr.App., 488 S.W.2d 110; Archer v. State, Tex.Cr.App., 474 S.W.2d 484.

Finally, the appellant contends that his arrest was illegal and the evidence found in the police car as a result thereof was improperly admitted.

 The evidence shows that the appellant was identified as the person who had attempted to sell some "speed." We hold the arrest was authorized. The amphetamine was found in the police car; the appellant does not have standing to challenge the search of the police car.

No reversible error being shown, the judgment is affirmed.