Ira Hudson DANSBY, Appellant

v.

The STATE of Texas, Appellee

NO. 12–15–00269–CR

Court of Appeals of Texas,
Tyler.

Opinion delivered April 28, 2017

Discretionary Review Refused
July 27, 2017

M. Cameron Smith, for Appellant.

Michael J. West, for State.

Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.

## OPINION

James T. Worthen, Chief Justice

Ira Hudson Dansby appeals his conviction for driving while intoxicated. In ten issues, Appellant challenges the denial of his motion to suppress, the admission of certain evidence, whether the corpus delicti rule was satisfied, and the legal sufficiency of the evidence. We affirm.

## BACKGROUND

Smith County Sheriff's Deputy Gerald Atchison, while on patrol, stopped at a convenience store. He noticed an unoccupied vehicle running in the parking lot. Atchison asked several people inside the store and the adjoining Whataburger restaurant whether the vehicle belonged to them. Appellant, who was inside Whataburger, admitted owning the vehicle. Atchison noticed that Appellant's eyes were

red and watery, and he smelled of alcohol. He asked Appellant where he had been that night. Appellant said that he had been at the Half Moon Grill and Saloon, about a half block away. He said he had a few beers, went home, changed clothes, and returned to Whataburger for food.

Deputy Atchison, believing that Appellant might be guilty of public intoxication, asked Deputy Fire Marshal Londoff[1] to administer a horizontal gaze nystagmus (HGN) test. After this test was conducted, Atchison arrested Appellant for public intoxication. At that time, Texas Department of Public Safety Trooper Glen Davenport arrived at the scene. After Atchison related the facts to him, Davenport decided that the facts warranted an investigation for DWI. Because Davenport's shift was ending, Trooper Robert Hartman arrived and assumed the investigation. Hartman conducted standard field sobriety tests and arrested Appellant for DWI. A subsequent breath test conducted at the jail showed that Appellant's alcohol content was over the legal limit.

Appellant was charged by information with DWI and pleaded "not guilty." After a bench trial, the trial court found Appellant guilty and assessed his punishment at confinement for 180 days, suspended for a term of twenty months, and a $300 fine. This appeal followed.

## MOTION TO SUPPRESS

In Appellant's first through fifth issues, he argues that the trial court erred in denying his motion to suppress because (1) the police had no probable cause to arrest him for driving while intoxicated or public intoxication, (2) he was arrested without a warrant or valid warrant exception, and (3)

---

1. This individual is variously referred to in the record as "the fire marshal," "Londoff," and "Landoff." We will refer to him as "Londoff" in this opinion.

his consent to the breath test was involuntary.

## Standard of Review

We review a trial court's ruling on a motion to suppress under a bifurcated standard of review. *Hubert v. State*, 312 S.W.3d 554, 559 (Tex. Crim. App. 2010); *Carmouche v. State*, 10 S.W.3d 323, 327 (Tex. Crim. App. 2000). A trial court's decision to grant or deny a motion to suppress is generally reviewed under an abuse of discretion standard. *Shepherd v. State*, 273 S.W.3d 681, 684 (Tex. Crim. App. 2008). We give almost total deference to a trial court's determination of historical facts, especially if those determinations turn on witness credibility or demeanor, and review de novo the trial court's application of the law to facts not based on an evaluation of credibility and demeanor. *Neal v. State*, 256 S.W.3d 264, 281 (Tex. Crim. App. 2008). When deciding a motion to suppress evidence, a trial court is the exclusive trier of fact and judge of the witnesses' credibility. *Maxwell v. State*, 73 S.W.3d 278, 281 (Tex. Crim. App. 2002). Accordingly, a trial court may choose to believe or disbelieve all or any part of a witness's testimony. *See State v. Ross*, 32 S.W.3d 853, 855 (Tex. Crim. App. 2000).

When a trial court does not make express findings of fact, we view the evidence in the light most favorable to the trial court's ruling and assume the trial court made implicit findings of fact that support its ruling as long as those findings are supported by the record. *Lujan v. State*, 331 S.W.3d 768, 771 (Tex. Crim. App. 2011). Therefore, the prevailing party is entitled to "the strongest legitimate view of the evidence and all reasonable inferences that may be drawn from that evidence." *State v. Castleberry*, 332 S.W.3d 460, 465 (Tex. Crim. App. 2011). When all evidence is viewed in the light most favorable to the trial court's ruling, an appellate court is obligated to uphold the ruling on a motion to suppress if that ruling was supported by the record and was correct under any theory of law applicable to the case. *See Ross*, 32 S.W.3d at 856; *Carmouche*, 10 S.W.3d at 327; *State v. Ballard*, 987 S.W.2d 889, 891 (Tex. Crim. App. 1999). Because the trial court in this case did not make express findings, we view the evidence in the light most favorable to the trial court's ruling and assume it made implicit findings that support its ruling as long as the record supports those findings. *See Lujan*, 331 S.W.3d at 771.

## Warrantless Arrest Law

The initial burden of proof on a motion to suppress evidence on the basis of a Fourth Amendment violation rests with the defendant. *Torres v. State*, 182 S.W.3d 899, 902 (Tex. Crim. App. 2005). The defendant meets this burden by demonstrating that the seizure occurred without a warrant. *See id.* Thereafter, the burden shifts to the state to prove the reasonableness of the warrantless seizure. *See id.* The state may satisfy this burden by showing that one of the statutory exceptions to the warrant requirement is met. *Id.* A police officer may arrest an individual without a warrant only if (1) there is probable cause with respect to that individual, and (2) the arrest falls within one of the exceptions specified in articles 14.01 through 14.04 of the code of criminal procedure. *Stull v. State*, 772 S.W.2d 449, 451 (Tex. Crim. App. 1989).

Probable cause for a warrantless arrest exists if, at the moment the arrest is made, the facts and circumstances within the arresting officer's knowledge, and of which he has reasonably trustworthy information, are sufficient to warrant a prudent man in believing that the person arrested had committed or was committing an offense. *Amador v. State*, 275 S.W.3d

872, 878 (Tex. Crim. App. 2009). The test for probable cause is an objective one, unrelated to the arresting officer's subjective beliefs, and requires a consideration of the totality of the circumstances facing the arresting officer. *Id.* A finding of probable cause requires more than bare suspicion, but less than would justify conviction. *Id.* An unarticulated hunch, a suspicion, or the good faith of the arresting officer is insufficient to support probable cause to justify a warrantless arrest. *Torres*, 182 S.W.3d at 902.

### DWI Arrest

In this case, after the suppression hearing, the trial court issued an order granting in part and denying in part Appellant's motion to suppress. In the order, the trial court did not explicitly name which parts of the motion it was granting and denying. Instead, the trial court named the evidence being suppressed. Based on our review of the grounds in Appellant's motion, the evidence suppressed by the trial court's order, and trial court's statements on the record, we conclude that the trial court implicitly denied the motion on the grounds that are the subject of Appellant's first through fifth issues.

In his first issue, Appellant argues that the evidence does not show that Trooper Hartman had probable cause to arrest him for DWI because (1) the officers nor any other witness saw Appellant driving, (2) Hartman had no information regarding how long Appellant's truck had been at the scene, and (3) Hartman had no information regarding whether Appellant consumed alcohol after arriving at the scene. However, there is evidence in the record to support a finding of probable cause to arrest for DWI.

A person commits DWI if he operates a motor vehicle in a public place while intoxicated. *See* TEX. PENAL CODE ANN. § 49.04(a)

(West Supp. 2016). "Intoxicated" is defined as "(A) not having the normal use of mental or physical faculties by reason of the introduction of alcohol, a controlled substance, a drug, a dangerous drug, a combination of two or more of those substances, or any other substance into the body; or (B) having an alcohol concentration of 0.08 or more." *Id.* § 49.01(2) (West 2011).

Trooper Hartman testified that prior to the DWI arrest, Appellant told him he had consumed a few beers and two shots of alcohol at the Half Moon. Hartman was also told that Appellant's vehicle was found running in the parking lot. The vehicle was registered to Appellant, and Appellant said he had been driving. No one approached Hartman to claim any connection with Appellant or the vehicle. Appellant said that after he left the Half Moon, he went to his house and returned to Whataburger. Hartman administered three standard field sobriety tests on Appellant and formed an opinion that he was intoxicated. Appellant showed signs of intoxication on all three tests.

Based on the evidence of Appellant's intoxication, along with Appellant's statements that he consumed alcohol at the Half Moon and then drove home and back to Whataburger, the trial court could reasonably infer that Appellant was intoxicated when he drove the vehicle. Therefore, based on the evidence adduced and the reasonable inferences that can be made from it, the trial court could reasonably conclude the facts and circumstances within Trooper Hartman's knowledge were sufficient to warrant a belief that Appellant committed DWI. *See Amador*, 275 S.W.3d at 878. Accordingly, the record reasonably supports the trial court's implicit conclusion that the State carried its burden of proving that Hartman's warrantless arrest of Appellant was properly supported by probable cause to arrest for DWI. *See* TEX.

PENAL CODE ANN. § 49.04(a); *Torres*, 182 S.W.3d at 902; *Stull*, 772 S.W.2d at 451.

 In his second issue, Appellant argues that his warrantless DWI arrest was unlawful because the offense was not committed in a peace officer's presence or view. *See* TEX. CODE CRIM. PROC. ANN. art. 14.01 (West 2005). However, the commission of an offense in an officer's presence or view is not the only exception to the warrant requirement. *See Stull*, 772 S.W.2d at 451. Under article 14.03, a peace officer may arrest, without a warrant, a person found in a suspicious place and under circumstances which reasonably show that he has been guilty of a breach of the peace. TEX. CODE CRIM. PROC. ANN. art. 14.03(a) (West 2005).

 Driving while intoxicated is a breach of the peace. *Gallups v. State*, 151 S.W.3d 196, 201 (Tex. Crim. App. 2004). Few, if any, places are suspicious in and of themselves. *Dyar v. State*, 125 S.W.3d 460, 464–65 (Tex. Crim. App. 2003). Rather, additional facts available to an officer plus reasonable inferences from those facts in relation to a particular place may arouse justifiable suspicion. *Id.* at 465. Any place may become suspicious when a person at that location and the accompanying circumstances raise a reasonable belief that the person has committed a crime and exigent circumstances call for immediate action or detention by police. *Swain v. State*, 181 S.W.3d 359, 366 (Tex. Crim. App. 2005).

In this case, Appellant was found inside Whataburger. He showed signs of intoxication, and his vehicle was running in the parking lot. We have held that Trooper Hartman had probable cause to support a DWI arrest. Furthermore, exigent circumstances—the need to ascertain Appellant's alcohol concentration—existed to justify Appellant's immediate arrest. *See Gallups*, 151 S.W.3d at 202. We conclude that, under these circumstances, Whataburger meets the suspicious place requirement of article 14.03(a)(1). *See Swain*, 181 S.W.3d at 366.

After giving almost total deference to the trial court's determination of the historical facts, and reviewing de novo the trial court's application of the law to facts not based on an evaluation of credibility and demeanor, we conclude that, given the totality of the circumstances, the State carried its burden to justify Appellant's warrantless arrest by Trooper Hartman. *See* TEX. CODE CRIM. PROC. ANN. art. 14.03(a); *Neal*, 256 S.W.3d at 281; *Torres*, 182 S.W.3d at 902. Accordingly, the trial court did not abuse its discretion by denying Appellant's motion to suppress based on a lack of probable cause or warrant exception for Hartman's arrest of Appellant for DWI. We overrule Appellant's first and second issues.

### Public Intoxication Arrest

 In his third issue, Appellant argues that the trial court erred in denying his motion to suppress because Atchison had no probable cause to arrest him for public intoxication. He contends that the evidence adduced at the suppression hearing does not show that the facts known to Atchison at the time of the arrest warranted a reasonable belief that Appellant was intoxicated to the degree that he was a danger to himself or others. We disagree.

 "A person commits an offense if the person appears in a public place while intoxicated to the degree that the person may endanger the person or another." TEX. PENAL CODE ANN. § 49.02(a) (West 2011). " 'Intoxicated' means: (A) not having the normal use of mental or physical faculties by reason of the introduction of alcohol, a controlled substance, a drug, a dangerous drug, a combination of two or more of those substances, or any other substance

into the body; or (B) having an alcohol concentration of 0.08 or more." *Id.* § 49.01(2). A warrantless arrest for public intoxication is valid only if the arresting officer has reason to believe that the suspect is not merely intoxicated, but intoxicated to the degree that he may endanger himself or another. *Commander v. State,* 748 S.W.2d 270, 272 (Tex. App.–Houston [14th Dist.] 1988, no pet.); *see also Davis v. State,* 576 S.W.2d 378, 380 n.2 (Tex. Crim. App. 1978). Under article 14.01, a peace officer may arrest an offender without a warrant for any offense committed in his presence or within his view. TEX. CODE CRIM. PROC. ANN. art. 14.01.

The State argues the record shows the officers had a reasonable belief that Appellant was intoxicated in a public place and constituted a danger to himself or others because he would eventually drive home from Whataburger. It is undisputed that the Whataburger and parking lot were public places. *See York v. State,* 342 S.W.3d 528, 536 (Tex. Crim. App. 2011) (defining "public place" as any place to which the public or a substantial group of the public has access). And the evidence of the running vehicle could warrant a reasonable belief that, if Appellant were intoxicated, he would eventually endanger himself and others when he drove the vehicle home. *See id.* at 537 (officer had reason to suspect appellant sleeping in car partially on store sidewalk at 3:00 a.m. was intoxicated and posed danger to himself or others if he woke up and drove). Furthermore, we find evidence in the record that, at the time of the initial arrest, Atchison had personal knowledge of or reasonably trustworthy information regarding facts and circumstances sufficient to warrant a prudent man in believing Appellant was legally intoxicated. *See* TEX. PENAL CODE ANN. § 49.01(2); *Amador,* 275 S.W.3d at 878.

In pertinent part, Deputy Atchison testified that when he arrived at the convenience store and Whataburger, he noticed an unoccupied vehicle running in the parking lot. The headlights and blinker were both turned on. Atchison found Appellant sitting alone inside Whataburger. Appellant claimed ownership of the unoccupied vehicle. Atchison noticed that Appellant's eyes were red and watery, and he smelled of alcohol. Appellant said that he had been drinking beer at the Half Moon, about a half block away. He told Atchison that he drove home, changed clothes, and returned to Whataburger. Atchison took Appellant outside and asked Londoff to administer an HGN test. After the test, Atchison arrested Appellant for public intoxication.

The intoxication related facts known to Deputy Atchison at the time of the arrest are that (1) Appellant left his truck running in the parking lot with the blinker and headlights turned on, (2) Appellant's eyes were red and watery, (3) Appellant smelled of alcohol, (4) Appellant stated he drank a few beers at a bar that night, and (5) Londoff administered an HGN test, after which Atchison arrested Appellant. Based on those facts, the trial court could reasonably infer that Appellant's alcohol consumption impaired his mental faculties and caused him to leave his truck running in the parking lot with the blinker and headlights turned on. The trial court could further reasonably infer that Atchison observed Londoff administering the HGN test, and that the test provided more evidence of intoxication.

Based on the evidence adduced and the reasonable inferences that can be made from it, the trial court could reasonably conclude the facts and circumstances within Atchison's knowledge were sufficient to warrant a belief that Appellant committed public intoxication. *See Amador,* 275 S.W.3d at 878. Accordingly, the record rea-

sonably supports the trial court's implicit conclusion that the State carried its burden of proving that Atchison's warrantless arrest of Appellant was properly supported by probable cause to arrest for public intoxication. *See* Tex. Penal Code Ann. § 49.02(a); *Torres*, 182 S.W.3d at 902; *Stull*, 772 S.W.2d at 451.

In his fourth issue, Appellant argues that his warrantless public intoxication arrest was unlawful because the offense was not committed in a peace officer's presence or view. *See* Tex. Code Crim. Proc. Ann. art. 14.01. He contends this is so because his behavior in the officers' presence did not demonstrate that he was a danger to himself or others. We have held that Deputy Atchison had probable cause to arrest Appellant for public intoxication. The evidence shows that Appellant was intoxicated in Atchison's presence while his truck was running in the Whataburger parking lot. We conclude that the public intoxication arrest was lawful without a warrant because the offense was committed in Atchison's presence. *See id.*

After giving almost total deference to the trial court's determination of the historical facts, and reviewing de novo the trial court's application of the law to facts not based on an evaluation of credibility and demeanor, we conclude that, given the totality of the circumstances, the State carried its burden to justify Appellant's warrantless arrest by Atchison. *See Neal*, 256 S.W.3d at 281; *Torres*, 182 S.W.3d at 902. Accordingly, the trial court did not abuse its discretion by denying Appellant's motion to suppress based on a lack of probable cause or warrant exception for Atchison's arrest. We overrule Appellant's third and fourth issues.

### Voluntariness of Consent

 In his fifth issue, Appellant argues that the trial court erred by denying his motion to suppress on the ground that his consent to the breath test was involuntary. He contends the DIC–24 statutory warnings read to him were inapplicable and inaccurate because he was not lawfully arrested for an offense involving the operation of a motor vehicle while intoxicated. *See* Tex. Transp. Code Ann. § 724.002 (West 2011). Consequently, he argues that his consent was coerced by the inaccurate warning that his refusal would result in the suspension of his driver's license.

However, because Appellant's DWI arrest was lawful, the DIC–24 warnings were accurate and did not result in Appellant's involuntary consent. Accordingly, we overrule Appellant's fifth issue.

### Corpus Delicti

In Appellant's sixth issue, he argues that the trial court erred by denying his motion for acquittal based on the State's failure to establish the corpus delicti of DWI outside his extrajudicial confession.

### Standard of Review and Applicable Law

 The corpus delicti rule is one of evidentiary sufficiency and affects cases in which there is an extrajudicial confession. *Miller v. State*, 457 S.W.3d 919, 924 (Tex. Crim. App. 2015). When the burden of proof is "beyond a reasonable doubt," a defendant's extrajudicial confession does not constitute legally sufficient evidence of guilt absent independent evidence of the corpus delicti. *Id.* The corpus delicti of any crime simply consists of the fact that the crime was committed by someone. *Fisher v. State*, 851 S.W.2d 298, 303 (Tex. Crim. App. 1993). The policy reason for the corpus delicti rule is to provide essential protection for defendants who confess to imaginary crimes because of mental infirmity or for other reasons. *Miller*, 457 S.W.3d at 926.

 To satisfy the corpus delicti rule, there must be evidence independent

of a defendant's extrajudicial confession showing that the essential nature of the charged crime was committed by someone. *Id.* at 924. Such evidence need not be sufficient by itself to prove the offense. *Gribble v. State*, 808 S.W.2d 65, 71 (Tex. Crim. App. 1990). As long as there is some evidence which renders the corpus delicti more probable than it would be without the evidence, the essential purposes of the rule have been served. *Id.* at 72. If there is some evidence corroborating the extrajudicial confession, the confession may be used to aid in the establishment of the corpus delicti. *Self v. State*, 513 S.W.2d 832, 835 (Tex. Crim. App. 1974).

 Every crime has three component parts: (1) the occurrence of a specific kind of injury or loss, (2) someone's criminality as the source of the loss, and (3) the accused's identity as the perpetrator of the crime. *Salazar v. State*, 86 S.W.3d 640, 644 (Tex. Crim. App. 2002). In Texas, the corpus delicti rule requires some corroboration of a defendant's extrajudicial confession regarding the first two component parts—an injury or loss and a criminal agent. *Id.* The rule does not require independent evidence that the defendant was the criminal perpetrator. *Id.* The corpus delicti of driving while intoxicated is that someone drove or operated a motor vehicle in a public place while intoxicated. *Folk v. State*, 797 S.W.2d 141, 144 (Tex. App.–Austin 1990, pet. ref'd).

## Analysis

To prove Appellant's guilt, the State relied in part on his statements to Deputy Atchison prior to his arrest. Atchison testified Appellant told him that the truck outside was his. Appellant said that he had been at the Half Moon that night. He said he had a few beers, went home, changed clothes, and returned to Whataburger. Atchison testified, "The only way that I knew that he had remotely been in the car is just by him saying, you know, 'I was driving the car.'"

 Appellant argues that the corpus delicti rule is not satisfied in this case because no independent evidence was adduced at trial to show that (1) Appellant was the one who drove, (2) the vehicle was operating, or (3) Appellant was intoxicated at the time of driving. Our task as an appellate court is to consider all the record evidence, other than the extrajudicial confession, in the light most favorable to the verdict, and determine whether that evidence tends to establish that someone operated a motor vehicle in a public place while intoxicated. *See Fisher*, 851 S.W.2d at 303; *Folk*, 797 S.W.2d at 144.

Viewed in the light most favorable to the verdict, the evidence outside the extrajudicial confession shows that Appellant's credit card was used to pay for six beers at the Half Moon at 12:54 a.m. Atchison found a vehicle running in the parking lot of a convenience store and Whataburger two doors down from the Half Moon at around 1:30 to 1:40 a.m. Atchison asked several people inside the store and restaurant whether the vehicle was theirs, but none of them claimed ownership. Atchison found Appellant sitting alone inside Whataburger. He had red, watery eyes and smelled of alcohol. No one approached Atchison and told him that they were with Appellant, that the vehicle was theirs, or that they had driven Appellant to the location.

The evidence similarly shows that no one approached Trooper Hartman and claimed any connection with Appellant or the vehicle. Hartman administered field sobriety tests on Appellant. He exhibited one of eight clues on the walk and turn test, two of four clues on the one leg stand test, and all six clues on the HGN test. Appellant submitted breath specimens at

2:44 and 2:47. Tests of the specimens showed alcohol concentrations of 0.117 and 0.123, respectively. At some point, Hartman confirmed that the vehicle belonged to Appellant.

Considering all the evidence independent of Appellant's extrajudicial confession in the light most favorable to the trial court's verdict, we conclude that this evidence renders the corpus delicti more probable than it would be without the evidence. *See Gribble*, 808 S.W.2d at 72. Accordingly, the corpus delicti rule is satisfied. *See id.* We overrule Appellant's sixth issue.

## EVIDENTIARY SUFFICIENCY

In Appellant's seventh, eighth, and ninth issues, he argues that the evidence is legally insufficient to support his conviction for DWI. Specifically, he argues that there is insufficient evidence that he was the driver of the vehicle, that he "operated" the vehicle, or that he was intoxicated at the time of driving.

### Standard of Review and Applicable Law

In reviewing the sufficiency of the evidence, the appellate court must determine whether, considering all the evidence in the light most favorable to the verdict, the trier of fact was rationally justified in finding guilt beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979); *Brooks v. State*, 323 S.W.3d 893, 899 (Tex. Crim. App. 2010). Considering the evidence "in the light most favorable to the verdict" under this standard requires the reviewing court to defer to the trier of fact's credibility and weight determinations, because the trier of fact is the sole judge of the witnesses' credibility and the weight to be given their testimony. *Brooks*, 323 S.W.3d at 899; *see Jackson*, 443 U.S. at 319, 99 S.Ct. at 2789. A "court faced with a record of historical facts that supports conflicting inferences must presume—even if it does not affirmatively appear in the record—that the trier of fact resolved any such conflicts in favor of the prosecution, and must defer to that resolution." *Jackson*, 443 U.S. at 326, 99 S.Ct. at 2793. A reviewing court must evaluate all of the evidence in the record, including direct, circumstantial, admissible, and inadmissible evidence. *Dewberry v. State*, 4 S.W.3d 735, 740 (Tex. Crim. App. 1999). Circumstantial evidence is as probative as direct evidence in establishing the guilt of an actor and can alone be sufficient to establish guilt. *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007).

To satisfy the elements of DWI, the State was required to prove that Appellant operated a motor vehicle in a public place while intoxicated. *See* TEX. PENAL CODE ANN. § 49.04(a). "Intoxicated" is defined as "(A) not having the normal use of mental or physical faculties by reason of the introduction of alcohol, a controlled substance, a drug, a dangerous drug, a combination of two or more of those substances, or any other substance into the body; or (B) having an alcohol concentration of 0.08 or more." *Id.* § 49.01(2).

### Analysis

At trial, Anthony Trovato testified that he was the owner of and custodian of business records for the Half Moon. A credit card tab bearing Appellant's name, a handwritten tip and total, an illegible signature, a time of 12:54 a.m., and the dates November 23 and 24 of 2013 was admitted in evidence. The tab does not show what was purchased. A completely typewritten credit card tab bearing the same subtotal, tip, and total amounts was also admitted. It shows the purchase of six Miller Lites. The time on the tab is 12:58 a.m., and the date is November 24, 2013. Trovato testified that the two tabs were for the same credit card.

Deputy Atchison testified that an unoccupied vehicle was running in the Whataburger and convenience store parking lot. He asked several people inside the convenience store and Whataburger whether the vehicle was theirs, and they denied that it was. Atchison saw Appellant seated alone in a chair in front of the Whataburger counter. He asked Appellant whether the vehicle was his, and he said that it was. Atchison noticed that Appellant's eyes were red and watery, and Atchison smelled "a little bit of alcohol on his person." He asked Appellant where he had been that night. Appellant said that he had been at the Half Moon. He said that he had a few beers, went home, changed clothes, and returned to Whataburger.

Atchison testified that he suspected Appellant was guilty of public intoxication. He took Appellant outside and asked Londoff to administer an HGN test. Londoff administered the test and told Atchison something that confirmed his suspicion. Then Atchison arrested Appellant for public intoxication.

Trooper Davenport testified that he heard something on the sheriff's office radio channels that led him to go to the scene. Atchison related to Davenport what was happening. Based on the circumstances, Davenport believed that Appellant was guilty of DWI. Davenport's shift was about to end, so Hartman investigated the possible DWI.

Trooper Hartman testified that when he contacted Appellant, he noticed that he smelled strongly of alcohol. He said that he was certified to administer the HGN, walk and turn, and one leg stand tests. Hartman testified that he saw six of six clues on Appellant's HGN test, one of eight on the walk and turn, and two of four on the one leg stand. A DVD with Hart-

man's in-car video without audio was admitted in evidence.[2] It shows Appellant performing the tests.

Hartman testified that after the tests were completed, he arrested Appellant for DWI. He read Appellant his Miranda and DIC–24 statutory warnings. Hartman requested and obtained consent for a breath test. He transported Appellant to jail and administered the breath test. Hartman testified that at some point, he "r[a]n a check on [Appellant's] license" and confirmed the vehicle was registered to Appellant.

DPS technical supervisor Scott Brown testified that the breath testing instrument was operating properly. A printout of Appellant's test results was admitted in evidence. It shows alcohol concentrations of 0.117 and 0.123 at 2:44 and 2:47, respectively. Brown said that he would have to make assumptions to be able to say whether Appellant was intoxicated at the time he drove.

According to Appellant, outside of his extrajudicial statements, there is no admissible evidence that he was the person who drove the vehicle. An extrajudicial confession is sufficient to establish the identity of the perpetrator of a crime. *Emery v. State*, 881 S.W.2d 702, 706 (Tex. Crim. App. 1994). Atchison testified Appellant told him that the truck outside was his. Appellant said that he had been at the Half Moon that night. He said he had a few beers, went home, changed clothes, and returned to Whataburger. Atchison further testified, "The only way that I knew that he had remotely been in the car is just by him saying, you know, 'I was driving the car.'" This testimony alone is sufficient to support the trial court's finding that Appellant was the driver. *See id.*

**2.** The record shows that the trial court suppressed statements made by Appellant after Atchison's arrest because he was not Mirandized.

Furthermore, Hartman testified that he "r[a]n a check on [Appellant]'s license" and "[was] able to confirm that that was his own vehicle."[3] Viewing the evidence in the light most favorable to the trial court's verdict, we conclude that the trial court was rationally justified in finding, beyond a reasonable doubt, that Appellant was the driver. *See Jackson*, 443 U.S. at 319, 99 S.Ct. at 2789; *see also Brooks*, 323 S.W.3d at 899; *Emery*, 881 S.W.2d at 706.

Appellant also argues that evidence he "operated" the vehicle is insufficient. "Operation" of a vehicle is shown when the totality of the circumstances demonstrates that the defendant took action to affect the functioning of the vehicle in a manner that would enable its use. *Denton v. State*, 911 S.W.2d 388, 390 (Tex. Crim. App. 1995). Appellant concedes it is reasonable to infer that the vehicle was "operated" by someone to reach the location. We agree. Furthermore, Deputy Atchison's testimony that he found the truck running in the parking lot and Appellant's statements that he drove the vehicle and went home from the Half Moon and returned to Whataburger supports a finding of "operation." Viewing the evidence in the light most favorable to the trial court's verdict, we conclude that the trial court was rationally justified in finding, beyond a reasonable doubt, that Appellant operated the vehicle. *See Jackson*, 443 U.S. at 319, 99 S.Ct. at 2789; *see also Brooks*, 323 S.W.3d at 899; *Denton*, 911 S.W.2d at 390.

Finally, Appellant challenges the sufficiency of the evidence that he was intoxicated at the time he drove. For evidence to be sufficient to support a DWI conviction, there must be a temporal link between the defendant's intoxication and his driving. *Kuciemba v. State*, 310 S.W.3d 460, 462 (Tex. Crim. App. 2010). Appellant argues the record contains no evidence showing when the truck was driven or whether he became intoxicated before driving to the location or after he arrived. Deputy Atchison testified that Appellant said he had been drinking at the Half Moon, went home, changed clothes, and returned to Whataburger. While it is possible that Appellant became intoxicated after arriving at the location, the State was not required to disprove that possibility. *See Ramsey v. State*, 473 S.W.3d 805, 808 (Tex. Crim. App. 2015) ("beyond a reasonable doubt" does not require state to disprove every conceivable alternative to guilt). Viewing the evidence in the light most favorable to the trial court's verdict, we conclude that the trial court was rationally justified in finding, beyond a reasonable doubt, that Appellant was intoxicated when he drove to Whataburger. *See Jackson*, 443 U.S. at 319, 99 S.Ct. at 2789; *see also Brooks*, 323 S.W.3d at 899; *Ramsey*, 473 S.W.3d at 808. Because the evidence is legally sufficient to support Appellant's conviction, we overrule his seventh, eighth, and ninth issues.

## ADMISSIBILITY OF EVIDENCE

In Appellant's tenth issue, he argues that the trial court erred by admitting Hartman's testimony that the vehicle was registered to him over his hearsay and best evidence objections.

### Standard of Review and Applicable Law

Generally, we review a trial court's decision to admit evidence under an abuse of discretion standard. *See Martin v. State*, 173 S.W.3d 463, 467 (Tex. Crim. App. 2005). We must uphold the trial court's ruling if it is reasonably supported

---

3. Below, we conclude that this evidence is inadmissible. But in a legal sufficiency review, we are required to consider all of the evidence in the record, whether it is admissible or not. *See Dewberry*, 4 S.W.3d at 740.

by the record and is correct under any theory of law applicable to the case. *Willover v. State*, 70 S.W.3d 841, 845 (Tex. Crim. App. 2002). We will not reverse a trial court's ruling admitting evidence unless that ruling falls outside the zone of reasonable disagreement. *See Burden v. State*, 55 S.W.3d 608, 615 (Tex. Crim. App. 2001).

Hearsay is generally not admissible. *See* TEX. R. EVID. 802. Once an opponent of hearsay objects, it becomes the burden of the proponent to establish that an exception makes the hearsay admissible. *Taylor v. State*, 268 S.W.3d 571, 578–79 (Tex. Crim. App. 2008). One such exception is the public records exception. Under this exception, "[a] record or statement of a public office [is not excluded by the rule against hearsay] if: (A) it sets out: (i) the office's activities; (ii) a matter observed while under a legal duty to report, but not including, in a criminal case a matter observed by law-enforcement personnel; or (iii) in a civil case or against the government in a criminal case, factual findings from a legally authorized investigation[.]" TEX. R. EVID. 803(8)(A).

Under the best evidence rule, an original writing, recording, or photograph is required to prove its content unless the rules or another law provides otherwise. TEX. R. EVID. 1002.

### Analysis

██ At trial, the State elicited testimony from Trooper Hartman that he "r[a]n a check on [Appellant]'s license" and "[was] able to confirm that that was his own vehicle." Defense counsel timely objected to the testimony on the grounds of hearsay

and best evidence. The State argued that the testimony was admissible under the public records exception. No record of the vehicle's ownership was admitted into evidence. And the appellate record indicates that no such record was produced in court.[4] The trial court overruled both objections.

██ By its explicit terms, Rule 803(8) provides a hearsay exception for certain "records" and "statements" of public offices. Testimony regarding the contents of such documents may also be admissible over hearsay objections when the documents are produced in court, even when the documents are not admitted into evidence. *Butler v. State*, 872 S.W.2d 227, 237–38 (Tex. Crim. App. 1994). But we are aware of no case in which such testimony was held admissible when no document was produced at trial.

The court of criminal appeals considered a similar issue in *Lumpkin v. State*, 524 S.W.2d 302 (Tex. Crim. App. 1975). In *Lumpkin*, a theft case, the state was required to prove that a truck trailer was owned by J.M. Ellis. *Id.* at 304. Ellis testified that he had custody of the trailer on the date in question. *Id.* But he admitted on cross examination that he had no personal knowledge regarding the trailer. *Id.* Rather, his knowledge was based on the records of his employer. *Id.* The court of criminal appeals noted that the records were not offered, admitted, or even produced at trial. *Id.* at 305. Thus, the testimony "amounted to nothing more than hearsay." *Id.*

Although the records in *Lumpkin* were business records, the rationale behind the

---

4. When objecting, defense counsel stated, "If they have a registration rather than testifying to the hearsay and best evidence, they need a copy of it, if it's admissible in this court and reliable." The prosecutor responded, "We don't believe he has to have certified copies of

those public records to get through the exception of hearsay." The trial court asked the State, "Are you purporting or representing that it's a public record based on his record alone, and you don't have to have a document or it certified?"

rule requiring production of business records at trial applies to public records as well. *See Alvarez v. State*, 508 S.W.2d 100, 102 (Tex. Crim. App. 1974). In *Alvarez*, a witness testified regarding a laboratory report that was produced at trial but not admitted. *Id.* On appeal, the appellant argued that the report was the best evidence and should have been introduced. *Id.* The court of criminal appeals overruled his contention, noting that "counsel not only examined the records but used them for a portion of his cross-examination of the witness. If the accuracy of said records were in doubt, then counsel could have raised the question." *Id.*

Here, there is no indication that defense counsel ever saw the records in question. She apparently was afforded no opportunity to examine the records or use them in cross-examining Trooper Hartman. *Cf. id.* Without the records being admitted into evidence or at least produced at trial, Hartman's testimony regarding their contents amounts to hearsay without an exception. *See Lumpkin*, 524 S.W.2d at 305. We conclude that Hartman's testimony regarding ownership of the vehicle was not admissible over Appellant's hearsay and best evidence objections.

▪▪▪ Having concluded that the trial court erred in admitting the testimony, we must determine whether the error affects Appellant's substantial rights. *See* TEX. R. APP. P. 44.2(b). To make this determination, we must decide whether the error had a substantial or injurious effect on the verdict. *Morales v. State*, 32 S.W.3d 862, 867 (Tex. Crim. App. 2000). In assessing the likelihood that the trier of fact's decision was adversely affected by the error, we consider everything in the record, including any testimony or physical evidence admitted for the trier of fact's consideration, the nature of the evidence supporting the verdict, the character of the

alleged error and how it might be considered in connection with other evidence in the case. *Id.* We may also consider the state's theory, defensive theories, and closing arguments. *Id.*

One of Appellant's theories at trial was that the State could not establish the corpus delicti of DWI outside his extrajudicial confession. The corpus delicti of driving while intoxicated is that someone drove or operated a motor vehicle in a public place while intoxicated. *Folk*, 797 S.W.2d at 144. To satisfy the corpus delicti rule in this case, there had to be evidence independent of Appellant's extrajudicial confession showing that someone operated the truck in a public place while intoxicated. *See Miller*, 457 S.W.3d at 924. There was independent evidence that the parking lot was a public place. There was also independent evidence from which an inference could be made that Appellant was intoxicated when he arrived at the parking lot—the bar tabs from earlier in the night, and the later field sobriety and breath test results. Thus, independent evidence showing that Appellant drove the truck to the parking lot would satisfy the corpus delicti rule. Without the evidence that the truck was registered to Appellant, the only independent evidence that Appellant drove the truck is the evidence that the other people Atchison spoke to denied the truck was theirs, and no one approached Atchison or Hartman to claim any connection with the truck or Appellant. We conclude that this evidence, though weak, renders the corpus delicti more probable than it would be without the evidence, which is all that is required to serve the essential purposes of the corpus delicti rule. *See Gribble*, 808 S.W.2d at 72.

Another of Appellant's theories at trial was that the evidence did not show beyond a reasonable doubt that Appellant was the driver. However, Appellant's statements to

Deputy Atchison alone are sufficient to support the trial court's finding that Appellant was the driver of the vehicle. *See Emery*, 881 S.W.2d at 706.

Accordingly, we conclude that the above evidence rendered the truck registration evidence harmless. *See Cozby v. State*, 506 S.W.2d 589, 591 (Tex. Crim. App. 1974) (admission of hearsay testimony rendered harmless by same or similar evidence already before jury). After considering everything in the record, we cannot conclude that the trial court's error had a substantial or injurious effect on the verdict. *See Morales*, 32 S.W.3d at 867. Accordingly, we overrule Appellant's tenth issue.

### DISPOSITION

Having overruled Appellant's ten issues, we **affirm** the trial court's judgment.