

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-19-00061-CR

ELKIN MARTINEZ-CORNELIO, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the County Court at Law No. 1
Smith County, Texas
Trial Court No. 001-80114-19

Before Morriss, C.J., Burgess and Stevens, JJ.
Memorandum Opinion by Justice Stevens

MEMORANDUM OPINION

After the trial court overruled his suppression motion, Elkin Martinez-Cornelio pled guilty to and was convicted of possession of less than twenty-eight grams of alprazolam, a penalty group 3 controlled substance.[1] *See* TEX. HEALTH & SAFETY CODE ANN. § 481.117. Under the terms of his plea bargain, Martinez-Cornelio was sentenced to eighty-five days' confinement in county jail.[2]

On appeal, Martinez-Cornelio argues that the trial court erred in overruling his motion to suppress the evidence because it was obtained as a result of an illegal detention and search.[3] Because we find that the officers had probable cause to conduct the search incident to arrest, we overrule Martinez-Cornelio's sole point of error and affirm the trial court's judgment.

## I.     Standard of Review

"We review a trial court's ruling on a motion to suppress under a bifurcated standard of review." *Dansby v. State*, 530 S.W.3d 213, 220 (Tex. App.—Tyler 2017, pet. ref'd) (citing *Hubert v. State*, 312 S.W.3d 554, 559 (Tex. Crim. App. 2010); *Carmouche v. State*, 10 S.W.3d 323, 327 (Tex. Crim. App. 2000)). "A trial court's decision to grant or deny a motion to suppress is generally reviewed under an abuse of discretion standard." *Id.* (citing *Shepherd v. State*, 273 S.W.3d 681, 684 (Tex. Crim. App. 2008)). "We give almost total deference to a trial court's

---

[1]In companion case number 06-19-00062-CR, Cornelio appeals his conviction for possession of a useable quantity of marihuana in an amount less than two ounces.

[2]The trial court certified that Martinez-Cornelio had the right to appeal the ruling on his motion to suppress.

[3]Originally appealed to the Twelfth Court of Appeals, this case was transferred to this Court by the Texas Supreme Court pursuant to its docket equalization efforts. *See* TEX. GOV'T CODE ANN. § 73.001. We follow the precedent of the Twelfth Court of Appeals in deciding this case. *See* TEX. R. APP. P. 41.3.

determination of historical facts, especially if those determinations turn on witness credibility or demeanor, and review de novo the trial court's application of the law to facts not based on an evaluation of credibility and demeanor." *Id*. (citing *Neal v. State*, 256 S.W.3d 264, 281 (Tex. Crim. App. 2008)). "When deciding a motion to suppress evidence, a trial court is the exclusive trier of fact and judge of the witnesses' credibility." *Id*. (citing *Maxwell v. State*, 73 S.W.3d 278, 281 (Tex. Crim. App. 2002)). "Accordingly, a trial court may choose to believe or disbelieve all or any part of a witness's testimony." *Id*. (citing *State v. Ross*, 32 S.W.3d 853, 855 (Tex. Crim. App. 2000)).

"When a trial court does not make express findings of fact, we view the evidence in the light most favorable to the trial court's ruling and assume the trial court made implicit findings of fact that support its ruling as long as those findings are supported by the record."[4] *Id*. (citing *Lujan v. State*, 331 S.W.3d 768, 771 (Tex. Crim. App. 2011) (per curiam)). "Therefore, the prevailing party is entitled to 'the strongest legitimate view of the evidence and all reasonable inferences that may be drawn from that evidence.'" *Id*. (quoting *State v. Castleberry*, 332 S.W.3d 460, 465 (Tex. Crim. App. 2011)).

"When all evidence is viewed in the light most favorable to the trial court's ruling, an appellate court is obligated to uphold the ruling on a motion to suppress if that ruling was supported by the record and was correct under any theory of law applicable to the case." *Id.* (citing *Ross*, 32 S.W.3d at 856; *Carmouche*, 10 S.W.3d at 327; *State v. Ballard*, 987 S.W.2d 889, 891 (Tex. Crim.

---

[4]The trial court denied Martinez-Cornelio's requests for findings of fact and conclusions of law.

App. 1999)).  "Because the trial court in this case did not make express findings, we view the evidence in the light most favorable to the trial court's ruling and assume it made implicit findings that support its ruling as long as the record supports those findings."  *Id*. (citing *Lujan*, 331 S.W.3d at 771).

## II.    Evidence Presented at the Suppression Hearing

Amber Thomas, an officer with the Tyler Police Department, testified that she saw Martinez-Cornelio as he was walking down Hillsboro Street, which did not have a sidewalk, "[w]ith his back to traffic."  Thomas said she decided to stop Martinez-Cornelio because he was walking "in the street" on the wrong side of the road according to Section 552.006 of the Texas Transportation Code, which was introduced into evidence and reads:

> (a)    A pedestrian may not walk along and on a roadway if an adjacent sidewalk is provided and is accessible to the pedestrian.

> (b)    If a sidewalk is not provided, a pedestrian walking along and on a highway shall if possible walk on:

>> (1)    the left side of the roadway; or

>> (2)    the shoulder of the highway facing oncoming traffic.

TEX. TRANSP. CODE ANN. § 552.006.  Under Section 552.006, the term "[h]ighway" "means the width between the boundary lines of a publicly maintained way any part of which is open to the public for vehicular travel."  TEX. TRANSP. CODE ANN. § 541.302(5); *see State v. Patterson*, 291

S.W.3d 121, 122 (Tex. App.—Amarillo 2009, no pet.). Thomas clarified that a violation of Section 552.006 is a Class C misdemeanor.[5]

Thomas testified that Hillsboro Street abuts Douglas Elementary School and, by the time she turned her patrol unit around to make the stop, Martinez-Cornelio was in the school parking lot. Thomas noticed that he was by the school's trash can and appeared to throw something away before walking away from the patrol unit as it approached him. When Thomas first tried to detain him, Martinez-Cornelio kept walking away until she ordered him to stop. Thomas described Martinez-Cornelio as panicked and "shifty" with "squinty and glassy" eyes and the strong smell of marihuana on his person. Based on the odor of marihuana, Thomas believed that Martinez-Cornelio had contraband in his possession and concluded she had probable cause to conduct a search of his pockets, revealing .37 ounces of marihuana and alprazolam. Thomas also said that exigent circumstances existed to search Martinez-Cornelio in the absence of a warrant because drugs are easily disposable.

Kenneth Caudle, another Tyler Police Department officer, was with Thomas when Martinez-Cornelio was stopped. According to Caudle, Martinez-Cornelio appeared as if he wanted to run from Thomas. Caudle also confirmed that he witnessed the violation of Section 552.006 of the Texas Transportation Code and that Martinez-Cornelio smelled strongly of marihuana and exhibited signs of intoxication.

---

[5]*See* TEX. TRANSP. CODE ANN. § 542.301.

## III. The Trial Court's Denial of the Suppression Motion Was Proper

Martinez-Cornelio argues that the trial court erred in overruling his motion to suppress the evidence as a result of an illegal search because the smell of marihuana did not create probable cause for the search and there were no exigent circumstances justifying the search. Martinez-Cornelio does not directly question the lawfulness of his seizure on appeal, but we must address it because we find that this search was incident to a lawful arrest.

"The initial burden of proof on a motion to suppress evidence on the basis of a Fourth Amendment violation rests with the defendant." *Dansby*, 530 S.W.3d at 220 (citing *Torres v. State*, 182 S.W.3d 899, 902 (Tex. Crim. App. 2005)). "The defendant meets this burden by demonstrating that the seizure occurred without a warrant." *Id.* Here, the State stipulated to the fact of the warrantless arrest. As a result, the burden shifted "to the [S]tate to prove the reasonableness of the warrantless seizure." *Id.*

"Reasonable suspicion to detain a person exists when a police officer has 'specific, articulable facts that, when combined with rational inferences from those facts, would lead him to reasonably conclude that the person detained is, has been, or soon will be engaged in criminal activity.'" *Furr v. State*, 499 S.W.3d 872, 878 (Tex. Crim. App. 2016) (quoting *Wade v. State*, 422 S.W.3d 661, 668 (Tex. Crim. App. 2013)). "While 'reasonable suspicion' is a less demanding standard than probable cause and requires a showing considerably less than preponderance of the evidence, the Fourth Amendment requires at least a minimal level of objective justification for making the stop." *Id.* (quoting *Illinois v. Wardlow*, 528 U.S. 119, 123 (2000)). If an officer has a reasonable basis for suspecting that a person has committed a violation of the Texas Transportation

6

Code, the officer may legally initiate an investigative detention. *See Johnson v. State*, 365 S.W.3d 484, 488–89 (Tex. App.—Tyler 2012, no pet.) (citing *Powell v. State*, 5 S.W.3d at 376 (Tex. App.—Texarkana 1999, pet. ref'd); *Drago v. State*, 553 S.W.2d 375, 377–78 (Tex. Crim. App. 1977)).

Thomas and Caudle both testified that they attempted an investigative detention of Martinez-Cornelio after they witnessed him walking on the wrong side of a road abutting a public school. The investigative detention was soon elevated to an arrest. "[A] Fourth Amendment seizure occurs when there is application of physical force or, where such is absent, a submission to an assertion of authority." *Furr*, 499 S.W.3d at 877–78. After his initial attempt to walk away, Martinez-Cornelio was seized when he submitted to Thomas' request to stop after she identified herself as a police officer.[6]

"The [S]tate may satisfy [its] burden by showing that one of the statutory exceptions to the warrant requirement is met." *Dansby*, 530 S.W.3d at 220. "A police officer may arrest an individual without a warrant only if (1) there is probable cause with respect to that individual, and (2) the arrest falls within one of the exceptions specified in articles 14.01 through 14.04 of the code of criminal procedure." *Id.* (citing *Stull v. State*, 772 S.W.2d 449, 451 (Tex. Crim. App. 1989)).

---

[6]At the suppression hearing, Thomas testified that Martinez-Cornelio was not under arrest at the time of the search. Martinez-Cornelio was instructed to stop when he initially walked away from the patrol unit. On a recording from the dash camera of the police car, after he was stopped, Martinez-Cornelio appeared to walk away a second time until Caudle motioned for him to return. He later asked if he was free to leave and was made to stay. Martinez-Cornelio was handcuffed prior to the search. "The test to determine whether a person has been detained is objective and does not rely on the subjective belief of the detainee or the police." *Furr*, 499 S.W.3d at 878. "An arrest occurs when a person's liberty of movement is restricted or restrained." *Amores v. State*, 816 S.W.2d 407, 411 (Tex. Crim. App. 1991).

Probable cause "exists if, at the moment the arrest is made, the facts and circumstances within the arresting officer's knowledge, and of which he has reasonably trustworthy information, are sufficient to warrant a prudent man in believing that the person arrested had committed or was committing an offense." *Id.* at 220–21 (citing *Amador v. State*, 275 S.W.3d 872, 878 (Tex. Crim. App. 2009)). "The test for probable cause is an objective one, unrelated to the arresting officer's subjective beliefs, and requires a consideration of the totality of the circumstances facing the arresting officer." *Id.* at 221. "A finding of probable cause requires more than bare suspicion, but less than would justify conviction." *Id.*

Thomas' and Caudle's testimony showed that Martinez-Cornelio violated Section 552.006 of the Texas Transportation Code, a Class C misdemeanor. This gave them probable cause to arrest Martinez-Cornelio. *See McBride v. State*, 359 S.W.3d 683, 693 (Tex. App.—Houston [14th Dist.] 2011, pet. ref'd) (finding officer had probable cause to arrest defendant for walking on the wrong side of the street in violation of Section 552.006 of the Texas Transportation Code); *Patterson*, 291 S.W.3d at 123 (concluding that officer had reasonable suspicion to detain a pedestrian walking with his back to traffic because it was a traffic violation under Section 552.006). Because "[a] peace officer may arrest an offender without a warrant for any offense committed in his presence or within his view," the State met its burden to prove an exception to the warrant requirement. TEX. CODE CRIM. PROC. ANN. art. 14.01(b).

After Martinez-Cornelio was ordered to stop, Thomas and Caudle smelled marihuana on him and noticed that he exhibited signs of intoxication. Thomas testified that the smell of marihuana was so strong that it led her to believe Martinez-Cornelio was in possession of

8

contraband. The recording of the arrest showed that Martinez-Cornelio was the only person in the area. As a result, the trial court correctly determined that Thomas and Caudle, based on the totality of the circumstances, had probable cause to search Martinez-Cornelio for drugs after he had already been arrested. *See Deleon v. State*, 530 S.W.3d 207, 211 (Tex. App.—Eastland 2017, pet. ref'd) ("[M]arihuana odor alone can provide sufficient probable cause for a warrantless search of one's person or vehicle."); *Hitchcock v. State*, 118 S.W.3d 844, 851 (Tex. App.—Texarkana 2003, pet. ref'd) ("[T]he odor of marihuana [is] sufficient to constitute probable cause to search a defendant's person . . . [and] the need for preservation of evidence [i]s considerable.") (citations omitted)).

We find that Martinez-Cornelio had already been arrested, the search was conducted after officers obtained probable cause of a new offense, and the search was lawful because an established exception to the warrant requirement is a search incident to arrest. *See State v. Sanchez*, 538 S.W.3d 545, 551 (Tex. Crim. App. 2017) ("As long as there is probable cause to arrest for the newly-discovered offense, and the search occurs close in time to the defendant's formal [initial] arrest, an officer may conduct a search incident to arrest on the basis of an offense discovered after formal arrest for a different crime."); *State v. Rodriguez*, 521 S.W.3d 1, 10 (Tex. Crim. App. 2017). As a result, the trial court did not err in finding the search leading to the discovery of alprazolam and marihuana lawful and overruling the suppression motion.

We overrule Martinez-Cornelio's sole point of error.

9

## IV.     Conclusion

We affirm the trial court's judgment.


Scott E. Stevens
Justice

Date Submitted:     October 3, 2019
Date Decided:       October 4, 2019

Do Not Publish