

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-15-00792-CR

John Wayne **POLLY**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the County Court at Law No. 15, Bexar County, Texas
Trial Court No. 375971
The Honorable Robert Behrens, Judge Presiding

Opinion by:    Rebeca C. Martinez, Justice

Sitting:    Karen Angelini, Justice
Marialyn Barnard, Justice
Rebeca C. Martinez, Justice

Delivered and Filed:  November 23, 2016

AFFIRMED

John Wayne Polly was found guilty by a jury of driving while intoxicated.  The sole issue Polly presents on appeal is whether the trial court erred in denying his pre-trial motion to suppress because he was arrested without an arrest warrant and no exception in the Texas Code of Criminal Procedure authorized his warrantless arrest.  We affirm the trial court's judgment.

### BACKGROUND

Before hearing the testimony of any witnesses at the suppression hearing, the trial court admitted the following exhibits into evidence: (1) the police report written by Deputy Eddie

Santana;[1] and (2) the videotape of the field sobriety tests conducted at the scene.[2] The videotape was then played for the trial court. In the videotape, Polly admits to having consumed three alcoholic beverages. The videotape shows Deputy Santana began questioning Polly and administering the field sobriety tests at 11:35 p.m., and Polly was arrested at the conclusion of the tests at 11:43 p.m.

Deputy Michael Pena testified he was dispatched to an automobile collision on an interstate highway that occurred at 10:45 p.m. Deputy Pena's accident report was admitted into evidence.[3] Deputy Pena further testified he was the first officer to arrive at the scene. He pulled up behind the vehicles involved in the collision with his overhead emergency lights activated to direct traffic away from the location of the vehicles. As Deputy Pena questioned Polly about what had occurred, he detected a strong odor of alcoholic beverages emitting from him. Deputy Pena detained Polly, placed him in the back of Deputy Pena's patrol car, and requested the dispatch of the Traffic Safety Unit, which specializes in investigating DWIs. After Deputy Santana arrived at the scene, Deputy Santana began to question Polly while Deputy Pena continued to investigate the accident. In addition to speaking with Polly prior to detaining him, Deputy Pena spoke with the driver of the other vehicle involved in the collision, the passenger in that vehicle, and the passenger in Polly's vehicle. Based on the information he gathered, Deputy Pena determined that as Polly attempted to pass the other vehicle by using the left shoulder, Polly's vehicle struck the other vehicle from behind.

---

[1] The exhibits were withdrawn at the conclusion of the suppression hearing, and this report is not contained in the appellate record.

[2] Although the exhibits were withdrawn at the conclusion of the suppression hearing, the videotape is in evidence because it was also admitted as a trial exhibit.

[3] This report also is not contained in the appellate record.

On cross-examination, Deputy Pena testified he generally collects information at the scene to develop the narrative in his report, but he does not write down exactly what each witness says. After the collision, the vehicles pulled over to the right shoulder. Deputy Pena stated he did not cross the highway to look at the point of impact. Deputy Pena testified Polly stated he was trying to "pass on the left and he didn't make it." Deputy Pena observed the damage to the vehicles. Polly's vehicle was damaged in the right front, and the other vehicle was damaged on the rear driver's side. In response to whether the passenger in Polly's vehicle informed him the other vehicle cut off Polly's vehicle and forced him off the road, Deputy Pena reiterated that he did not make any notations regarding the specific statements made by any witness, and the accident occurred four years before trial so he could not recall.

Polly's wife testified their vehicle was travelling in the left-hand lane while the other vehicle was traveling in the right-hand lane approaching them from behind. The other vehicle's left-side back bumper sideswiped the front passenger side of their vehicle causing their vehicle to spin until it stopped on the embankment on the opposite side of the highway. Polly's wife testified their vehicle was not drivable after the collision due to the damage affecting the passenger side front tire. Polly's wife also testified Polly never attempted to pass the other vehicle by using the left shoulder. Polly's wife further testified she was never asked what happened or to make a statement; however, the first officer who arrived at the scene spoke with the occupants of the other vehicle. Polly's wife testified Polly called the police after the accident, and it took about twenty to thirty minutes for the officers to arrive.

After hearing the foregoing, the trial court denied the motion to suppress. The case was tried to a jury who found Polly guilty of DWI. Polly appeals.

**STANDARD OF REVIEW**

We review a trial court's ruling on a motion to suppress under an abuse of discretion standard. *State v. Story*, 445 S.W.3d 729, 732 (Tex. Crim. App. 2014). "Because the trial court is the sole trier of fact, we will give almost total deference to its determination of historical facts." *Id*. "The trial court's application of the law to those facts, however, is reviewed *de novo*." *Id*.

**ARTICLE 14.03(a)(1)**

In his brief, Polly argues the officers were not authorized to arrest him without a warrant under article 14.01(b) of the Texas Code of Criminal Procedure because the DWI offense was not committed in their presence.[4] The State responds the officers were authorized to arrest Polly without a warrant under article 14.03(a)(1) of the Code.

Article 14.03(a)(1) of the Code provides "[a]ny peace officer may arrest, without warrant, persons found in suspicious places and under circumstances which reasonably show that such persons have been guilty of . . . [a] breach of the peace . . .." TEX. CODE CRIM. PROC. ANN. art. 14.03(a)(1) (West Supp. 2016). "Reviewing courts in Texas have consistently used the totality of the circumstances test for deciding whether an arrest is proper under Article 14.03(a)(1)." *Dyar v. State*, 125 S.W.3d 460, 468 (Tex. Crim. App. 2003). "First, probable cause that the defendant committed a [breach of the peace] must be found and second, the defendant must be found in a 'suspicious place.'" *Id*. Probable cause exists when the arresting officer possesses reasonably trustworthy information sufficient to warrant a reasonable belief that a breach of the peace has been or is being committed. *See Amador v. State*, 275 S.W.3d 872, 878 (Tex. Crim. App. 2009).

Driving while intoxicated is a breach of the peace. *Gallups v. State*, 151 S.W.3d 196, 201 (Tex. Crim. App. 2004). In this case, at the time Polly was arrested, Deputy Santana had probable

---

[4] Article 14.01(b) provides, "A peace officer may arrest an offender without a warrant for any offense committed in his presence or within his view." TEX. CODE CRIM. PROC. ANN. art. 14.01(b) (West 2015).

cause to believe Polly committed the offense of driving while intoxicated based on the smell of alcohol on Polly's breath, Polly's performance of the field sobriety tests, and his admission that he had consumed alcohol before driving. *See LeCourias v. State*, 341 S.W.3d 483, 489 (Tex. App.—Houston [14th Dist.] 2011, no pet.) (holding probable cause that defendant drove while intoxicated existed where witness informed 911 dispatcher of defendant's erratic driving and defendant's performance on the field-sobriety tests was "dismal"); *Banda v. State*, 317 S.W.3d 903, 907, 910-11 (Tex. App.—Houston [14th Dist.] 2010, no pet.) (holding officer possessed probable cause based on information provided by a witness who observed defendant's erratic driving, the officer's observation of defendant's slurred speech and strong odor of alcohol, and defendant's performance on field-sobriety tests); *Cribley v. State*, No. 04-04-00047-CR, 2005 WL 1812585, at *1 (Tex. App.—San Antonio Aug. 3, 2005, no pet.) (holding probable cause existed where officer smelled alcohol on defendant's breath, defendant was unable to perform field sobriety tests, and defendant admitted drinking alcohol) (not designated for publication). Having determined Deputy Santana had probable cause to believe Polly committed the offense of driving while intoxicated which is a breach of the peace, we must next determine if Polly was found in a "suspicious place."

Few places, if any, are suspicious in and of themselves. *Dyar*, 125 S.W.3d at 464-65. "Rather, additional facts available to an officer plus reasonable inferences from those facts in relation to a particular place may arouse justifiable suspicion." *Id*. at 465. (internal quotations omitted). "The determination of whether a place is a 'suspicious place' is a highly fact-specific question." *Id*. at 468. "[T]he time between the crime [or breach of the peace] and the apprehension of the suspect in a suspicious place is an important factor." *Id*. "Any 'place' may become suspicious when a person at that location and the accompanying circumstances raise a reasonable belief that the person has committed a crime [or a breach of the peace] and exigent circumstances

call for immediate action or detention by police." *Swain v. State*, 181 S.W.3d 359, 366 (Tex. Crim. App. 2005).

As previously noted, Deputy Santana had probable cause to believe Polly committed the offense of driving while intoxicated which is a breach of the peace. In addition, Deputy Santana needed to take prompt action to ascertain Polly's blood-alcohol level. *See Lewis v. State*, 412 S.W.3d 794, 802 (Tex. App.—Amarillo 2013, no pet.) (holding scene of hit-and-run accident was suspicious place where appellant returned to the scene, the officer could reasonably believe appellant committed the offense of driving while intoxicated, and the officer needed to take prompt action to ascertain appellant's blood alcohol level); *Banda*, 317 S.W.3d at 912 (holding area outside appellant's home was a suspicious place where police could reasonably believe appellant drove while intoxicated and it was necessary to take prompt action in order to ascertain appellant's blood-alcohol level). Finally, only approximately one hour elapsed between the time Deputy Pena was dispatched to the scene and the time Polly was arrested. Accordingly, we hold Polly's intoxication and his location at the accident scene combined to create a "suspicious place." *See State v. Wrenn*, No. 05-08-01114-CR, 2009 WL 1942183, at *2-3 (Tex. App.—Dallas July 8, 2009, no pet.) (holding accident scene was a suspicious place where officer dispatched to investigate accident on a highway smelled alcohol on the defendant's breath, defendant admitted driving after drinking two beers, and defendant failed field sobriety tests) (not designated for publication); *Layland v. State*, 144 S.W.3d 647, 650 (Tex. App.—Beaumont 2004, no pet.) (holding accident scene was a suspicious place where appellant showed signs of intoxication, admitted she had been driving, and performed poorly on field sobriety tests).

Because the totality of the circumstance show Deputy Santana had probable cause to believe Polly committed the offense of driving while intoxicated which is a breach of the peace

and Polly was found in a suspicious place, Polly's warrantless arrest was authorized by article 14.03(a)(1), and the trial court properly denied Polly's motion to suppress.

## CONCLUSION

The trial court's judgment is affirmed.

Rebeca C. Martinez, Justice

DO NOT PUBLISH