

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-17-00299-CR

_____

TRAVIS BELL, Appellant

V.

THE STATE OF TEXAS

On Appeal from County Criminal Court No. 10
Tarrant County, Texas
Trial Court No. 1478469

Before Kerr, J.; Sudderth, C.J.; Birdwell, J.
Per Curiam Memorandum Opinion and Abatement Order

## MEMORANDUM OPINION AND ABATEMENT ORDER

As part of a plea bargain, Travis Bell pleaded guilty to driving while intoxicated, misdemeanor repetition, and the trial court sentenced him to 60 days in the Tarrant County Jail. *See* Tex. Penal Code Ann. §§ 49.04(a), 49.09(a).

On appeal, Bell attacks the trial court's order denying his motion to suppress in which he sought to suppress "[a]ll [the] statements made, either written or oral, and evidence observed, obtained[,] or seized after [his stop, detention, and arrest]." Bell presents three issues: (1) was his first interaction with the police an encounter or a detention? (2) when the police detained him, was his detention supported by reasonable suspicion? and (3) was his warrantless arrest authorized under article 14.03(a)(1) of the code of criminal procedure? Tex. Code Crim. Proc. Ann. art. 14.03(a)(1).

Because the trial court's factual findings and legal conclusions are inadequate to address Bell's third issue, we abate the appeal so that the trial court can supplement its findings and conclusions.

### Overview

After hearing Bell's motion to suppress, the trial court adopted the State's proposed factual findings and legal conclusions and denied his motion. The conclusions rely expressly on article 14.03(a)(1) of the code of criminal procedure, which authorizes warrantless arrests under certain circumstances. *See id.*

In Bell's third issue, he contends that article 14.03(a)(1) authorizes a warrantless arrest only if the State can show exigent circumstances. Bell buttresses his argument with the arresting officer's admission that there were no exigent circumstances.

But neither the trial court's findings nor its conclusions address whether such circumstances existed. For the reasons stated below, we hold that article 14.03(a)(1), as construed by the court of criminal appeals, requires exigent circumstances.

## Article 14.03(a)(1)

Initially, we note that article 14.03(a)(1)'s express language does not require exigent circumstances:

(a) Any peace officer may arrest, without warrant:

(1) persons found in suspicious places and under circumstances which reasonably show that such persons have been guilty of some felony, violation of Title 9, Chapter 42, Penal Code, breach of the peace, or offense under Section 49.02, Penal Code, or threaten, or are about to commit some offense against the laws . . . .

*Id.* If we had nothing more than the statutory language to consider, we would conclude that article 14.03(a)(1) does not require exigent circumstances.

Despite article 14.03(a)(1)'s not listing exigent circumstances as one of its elements, Bell cites three cases for the proposition that such circumstances are nevertheless a prerequisite to a warrantless arrest under article 14.03(a)(1): *Swain v. State*, 181 S.W.3d 359, 366 (Tex. Crim. App. 2005); *Gallups v. State*, 151 S.W.3d 196, 201–02 (Tex. Crim. App. 2004); and *Dyar v. State*, 125 S.W.3d 460, 468–71 (Tex. Crim. App. 2003) (Cochran, J., concurring). We consider these three cases in reverse order.

**1.** *Dyar*'s majority does not apply exigent circumstances to article 14.03(a)(1).

In *Dyar*, the appellant had a one-car accident and was taken to a hospital. *See* 125 S.W.3d at 461. A trooper later found the appellant in the emergency room, and the appellant told the trooper that he had been drinking and driving. *Id.* at 461–62. The trooper also noticed that the appellant "had slurred speech, red glassy eyes, a strong smell of alcohol, and that many of the appellant's answers were unintelligible." *Id.* at 462. The six-judge majority in *Dyar* analyzed the case under article 14.03(a)(1); "exigent circumstances" was not part of the analysis. *Id.* at 462–68. The closest the majority came to an exigent-circumstances discussion was to say that the warrantless-arrest statutes were "founded in the law of necessity." *Id.* at 463.

But the seeds for an exigent-circumstances requirement can be found in Judge Cochran's concurring opinion, in which she argued that exigent circumstances should be part of article 14.03(a)(1)'s analysis;[1] two other judges (Judges Meyers and Johnson,

---

[1]Judge Cochran set out the standard as follows:

> Thus, when police have probable cause to believe that person "X" has committed a felony or breach of the peace and he is found in "Y" location under "suspicious circumstances" and there is no time to obtain a warrant because: 1) the person will not otherwise remain at "Y" location; 2) the evidence of the crime will otherwise disappear; or 3) the person poses a continuing present threat to others, then police may arrest "X" without a warrant. On the other hand, if there are no exigent circumstances that call for immediate action or detention by the police, article 14.03(a)(1) cannot be used to justify a warrantless arrest.

*Dyar*, 125 S.W.3d at 471 (Cochran, J., concurring) (footnote omitted).

4

who had also joined the majority) joined Judge Cochran's concurring opinion. *See id.* at 468–71 (Cochran, J., concurring). The presiding judge and two others—Presiding Judge Keller and Judges Keasler and Hervey—concurred without an opinion. *See id.* at 468. So only three of the nine judges expressly favored grafting exigent circumstances onto article 14.03(a)(1).

### 2. *Gallups* applies exigent circumstances under article 14.03(a)(1) in what appears to be dictum.

In *Gallups*, the police arrested the appellant in his home. *See Gallups*, 151 S.W.3d at 198.

If an officer attempts a warrantless arrest under article 14.03(a)(1) within a residence, the officer must additionally comply with article 14.05's explicit requirements that a resident must give consent to enter or the officer must have exigent circumstances to justify entering:

> In each case enumerated where arrests may be lawfully made without warrant, the officer or person making the arrest is justified in adopting all the measures which he might adopt in cases of arrest under warrant, except that an officer making an arrest without a warrant may not enter a residence to make the arrest unless:
>
> (1) a person who resides in the residence consents to the entry; or
>
> (2) exigent circumstances require that the officer making the arrest enter the residence without the consent of a resident or without a warrant.

*See* Tex. Code Crim. Proc. Ann. art. 14.05.

The *Gallups* court analyzed the case under article 14.05 and held that the police had the resident's consent to enter. *See Gallups*, 151 S.W.3d at 200–01. The court did not address article 14.05's exigent-circumstances component.

The court then analyzed the case under article 14.03(a)(1) and found a breach of the peace and that the home was a "suspicious place." *Id.* at 201–02. But as part of its article 14.03(a)(1) analysis, the court (in a five-judge majority opinion) noted that the officer had exigent circumstances—the need to determine the appellant's blood-alcohol level—citing as authority Judge Cochran's concurring opinion in *Dyar.*[2] *Id.* at 202. Because the only contested issue in the trial court was whether the appellant had consented to the officer's entering his home, the exigent-circumstances discussion appears to have been dictum. *See id.* at 198 n.1.

### 3. *Swain* applies an exigent-circumstances requirement to article 14.03(a)(1).

Next, the *Swain* court, citing both *Dyar* and *Gallups*, included exigent circumstances within its article 14.03(a)(1) analysis. *Swain*, 181 S.W.3d at 366–67.[3]

In *Swain*, the two arresting detectives gave different testimony on when they arrested the appellant—one said that the appellant was arrested in the residential-

---

[2]The United States Supreme Court later held that the natural metabolization of alcohol in the bloodstream does not present a *per se* exigency but must be determined on a case-by-case basis on the totality of the circumstances. *See Missouri v. McNeely*, 569 U.S. 141, 145, 133 S. Ct. 1552, 1556 (2013).

[3]The pinpoint citation to *Dyar* in *Swain* corresponds to Judge Cochran's concurring opinion, but the citation itself does not parenthetically reflect that the court was relying on Judge Cochran's concurring opinion. *See Swain*, 181 S.W.3d at 366.

treatment home where the appellant worked and the other said that the appellant was not arrested until he was later placed in the police car. *See id.* at 365–66. The appellant's specific argument was that the statements that he later gave to the detectives were inadmissible because his warrantless arrest at the residential-treatment home was illegal. *See id.* The court concluded that there were exigent circumstances because the appellant had stated that he had left the victim alive in a remote location. *See id.* at 366–67. Without resolving where or when the detectives arrested the appellant, the court wrote, "If appellant was arrested at the residential treatment home, then his warrantless arrest was authorized under Article 14.03(a)(1)." *See id.* at 367.

In the years following, numerous courts—including this one—have cited *Swain* for the proposition that article 14.03(a)(1) requires, among its other elements, exigent circumstances before an officer may make a warrantless arrest:

- *Dansby v. State*, 530 S.W.3d 213, 222 (Tex. App.—Tyler 2017, pet. ref'd);

- *Polly v. State*, 533 S.W.3d 439, 443 (Tex. App.—San Antonio 2016, no pet.);

- *Cook v. State*, 509 S.W.3d 591, 603–04 (Tex. App.—Fort Worth 2016, no pet.);

- *State v. Donohoo*, No. 04-15-000291-CR, 2016 WL 3442258, at *6 (Tex. App.—San Antonio June 22, 2016, no pet.) (mem. op., not designated for publication);

- *Minassian v. State*, 490 S.W.3d 629, 639 (Tex. App.—Houston [1st Dist.] 2016, no pet.);

- *Sebring v. State*, No. 14-13-01046-CR, 2015 WL 3917982, at \*6 (Tex. App.—Houston [14th Dist.] June 25, 2015, pet. ref'd) (mem. op., not designated for publication);

- *Banda v. State*, 317 S.W.3d 903, 912 (Tex. App.—Houston [14th Dist.] 2010, no pet.);

- *State v. Morales*, No. 08-09-00137-CR, 2010 WL 819126, at \*2 (Tex. App.—El Paso Mar. 10, 2010, no pet.) (mem. op., not designated for publication);

- *State v. Wrenn*, No. 05-08-01114-CR, 2009 WL 1942183, at \*3 (Tex. App.—Dallas July 8, 2009, no pet.) (mem. op., not designated for publication); and

- *Alejandro v. State*, No. 14-05-00905-CR, 2006 WL 1766171, at \*3 (Tex. App.—Houston [14th Dist.] June 29, 2006, pet. ref'd) (not designated for publication).

At this point, *Swain* appears to be an established precedent, so we will apply exigent circumstances to article 14.03(a)(1).

## Abatement

Here, the trial court's findings and conclusions never addressed exigent circumstances under article 14.03(a)(1). We will not presume factual findings that may be dispositive in a case when a trial court's findings are an inadequate basis on which to make legal conclusions and when those findings have been properly requested by the losing party. *State v. Saenz*, 411 S.W.3d 488, 495 (Tex. Crim. App. 2013); *see State v. Elias*, 339 S.W.3d 667, 676 (Tex. Crim. App. 2011) ("[T]he trial court, once having taken it upon itself to enter specific findings and conclusions *sua sponte*, . . . assumed an obligation to make findings and conclusions that were adequate and complete . . . ."). Because the trial court's findings are inadequate to provide a basis on which to

8

make the ultimate legal conclusions, we abate the appeal for more complete findings of fact and conclusions of law. *See Saenz*, 411 S.W.3d at 498.

A supplemental clerk's record containing the supplemental findings of fact and conclusions of law must be filed with this court no later than **August 11, 2019**. *See* Tex. R. App. P. 34.5(c)(2). We will automatically reinstate this appeal when we receive the supplemental record.

Our court clerk is to send a copy of this order to the attorneys of record, the trial-court judge, and the trial-court clerk.

Per Curiam

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered: July 11, 2019